IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARK BASILICA and ROBERTA BASILICA, Administrators
of the Estate of THERESA MARIE BASILICA, Deceased,

           Plaintiffs,

v.                                                         Civil Action No. 3:22-cv-382-JAG

SHERIFF ROGER L. HARRIS, et al.,

           Defendants.

## ORDER APPROVING WRONGFUL DEATH SETTLEMENT

On August 23, 2023, came Plaintiffs Mark Basilica and Roberta Basilica, Administrators of the Estate of Theresa Marie Basilica, Deceased ("Plaintiffs"), in person and by counsel, as well as the statutory beneficiaries, and pursuant to Virginia Code § 8.01-55 and upon Plaintiffs' motion, Plaintiffs moved for approval of the wrongful-death settlement between Plaintiffs and the Defendants, Sheriff Roger L. Harris, Jason Charles Morris, and Rachel Catherine Vega, a/k/a Rachel Catherine Kiecana, a/k/a Rachel Catherine Herrington (collectively, "Defendants").

For good cause shown, and because the parties are in agreement, the Court hereby GRANTS the Motion. It is hereby ORDERED that the matters agreed upon by the parties and as set forth herein are hereby ratified, approved, and confirmed.

Specifically, it appearing to the Court that:

1.    All parties required by law to be convened are convened.

2.    Notice has been given to all statutory beneficiaries, and all interested parties to this proposed settlement have been notified, convened, and/or assembled, and that the parties to this settlement have submitted to the jurisdiction of this Court and have expressed their agreement and asset to the terms of the settlement between them.

3. Plaintiffs have alleged that in the early morning hours of August 31, 2020, the Plaintiffs' decedent Theresa Marie Basilica (the "Decedent") took her own life in the back of a Spotsylvania County Sheriff's Office vehicle while being transported pursuant to a temporary detention order ("TDO") by Defendants, former Deputy Sheriff Rachel Catherine Vega, a/k/a Rachel Catherine Kiecana, a/k/a Rachel Catherine Herrington and Deputy Sheriff Jason Charles Morris.

4. On October 6, 2020, the Plaintiffs qualified as Co-Administrators of the estate of their daughter, Theresa Marie Basilica, Deceased, in the Circuit Court for the County of Spotsylvania under the applicable provisions of Virginia law.

5. On May 16, 2022, Plaintiffs, by counsel, and as Co-Administrators of the Estate of Theresa Marie Basilica, Deceased, commenced this action in the U.S. District Court for the Eastern District of Virginia asserting, among other things, claims pursuant to 42 U.S.C. § 1983 and Virginia's wrongful death statute.

6. Defendants denied that their actions or inactions, individually or collectively, caused the death of the Decedent, and Plaintiffs acknowledge that Defendants deny the allegations in the Amended Complaint and that the settlement and compromise of these claims does not constitute an admission of liability by the Defendants.

7. The parties herein have engaged in discovery.

8. Plaintiffs and Defendants have informed the Court that they have reached a settlement contingent upon Court approval.

9. Specifically, without admitting any liability on the part of Defendants, the Division of Risk Management has agreed to pay, and Plaintiffs have agreed to accept, cash with

a present value in the amount of Four Hundred Thousand Dollars ($400,000) in full and final settlement and discharge of any and all claims brought by Plaintiffs against Defendants, known or unknown, that have been asserted, or that could have been asserted, concerning or relating to the death of Theresa Marie Basilica, including without limitation all claims for monetary damages, attorneys' fees, or costs that have been asserted, or that could have been asserted by Plaintiffs or the Estate of Theresa Marie Basilica relating to the allegations in the Amended Complaint or the death of Theresa Marie Basilica.

10. The Court finds that Plaintiffs had the authority to file their petition on behalf of the Estate of Theresa Marie Basilica, Deceased; to negotiate and agree to a settlement; to sign the Settlement Agreement and Full Release ("Agreement") on behalf of the Estate of Theresa Marie Basilica, Deceased, consenting to the resolution of the claims as provided for in the Agreement; and to notice their petition for hearing for approval of the compromise settlement.

11. The Settlement Agreement and Release executed by Plaintiffs and their counsel have been made available to the Court, but will not be made a part of this Order.

12. The settlement is fair and reasonable under the circumstances and approval of this compromise is in the best interest of the statutory beneficiaries of Decedent and, therefore, should be ratified, approved, and confirmed.

13. The Decedent, who was 30 years old and a resident of the Commonwealth of Virginia at the time of her death, is survived by the following class of statutory beneficiaries under the Virginia Death by Wrongful Act, Va. Code § 8.01-53:

    a. Mark Basilica, father;

    b. Roberta Basilica, mother;

  c. George Basilica, brother;

  d. Henry Basilica, brother;

  e. Pia Basilica, sister; and

  f. Mary Jane Basilica, sister.

The foregoing comprise Theresa Marie Basilica's purported statutory beneficiaries.

  14. That, as per Virginia Code § 8.01-53 (1950, as amended), which designates applicable classes of beneficiaries, Plaintiffs, with the consent of the statutory beneficiaries listed above, have agreed that the following should receive a distribution in this matter in the following amounts:

| | | |
|---|---|---|
| a. | Mark Basilica, father: | $11,221.38 |
| b. | Roberta Basilica, mother: | $11,221.38 |
| c. | George Basilica, brother: | $50,000.00 |
| d. | Henry Basilica, brother: | $50,000.00 |
| e. | Pia Basilica, sister: | $50,000.00 |
| f. | Mary Jane Basilica, sister: | $50,000.00 |

  15. Plaintiffs represent that they have not received notice of any claims or liens against the settlement proceeds from any provider, insurer, or payor, attorney, or any other entity, including, but not limited to, Medicaid and Medicare, for services or treatment rendered, or payments or benefits provided to or on behalf of the Decedent as a result of the incident and/or the Decedent's death. Plaintiffs did receive a notice of attorneys' fee lien from undersigned

4

counsel's predecessor law firm, Commonwealth Law Group, PLLC ("CLG"), but that matter has been satisfactorily resolved as set forth in the below disbursement.

16. It appearing to the Court that the Dix Law Firm, PLLC ("DLF") has provided valuable legal assistance to the Plaintiffs in the prosecution of this matter, it is hereby ORDERED that a total attorneys' fee of $160,000, which is 40%, is awarded which shall be distributed as follows: $8,000.00 to CLG in satisfaction of their claimed attorneys' fee lien, $26,680.00 to Stris & Maher, LLP for legal services rendered, and $125,320.00 to DLF for legal services rendered. The Court finds that the foregoing fee is a reasonable amount for contingency fee work. The foregoing sum will be paid out of the settlement proceeds in this matter.

17. It further appearing to the Court that certain costs and reimbursable expenses have been incurred and advanced by the law firms involved in this matter totaling $17,557.24, it is hereby ORDERED that DLF be reimbursed for costs advanced in the amount of $15,620.16, and CLG be reimbursed for costs advanced in the amount of $1,937.08, which sums are to be paid out of the settlement proceeds in this matter.

18. Plaintiffs have moved that the sum remaining after the payment of attorney's fees and costs, $222,442.76, should be divided among the statutory beneficiaries in the amounts noted above. See supra at ¶ 14.

19. All sums paid to the statutory beneficiaries constitute damages on account of personal physical injuries and physical sickness, within the meaning of Section 104 (a)(2) of the Internal Revenue Code of 1986, as amended. The entire payment is compensatory in nature to compensate each beneficiary for the loss of their daughter and sibling; there being no finding

5

warranting punitive damages, and none of these funds are in any way deemed to relate to any punitive claims that were brought or could have been brought against any defendant.

IT IS FURTHER ORDERED that payments shall be made in the manner detailed in the "Disbursements Sheet," which is incorporated herein by reference.

IT IS FURTHER ORDERED that, upon completion and satisfaction of the terms of this Order, including the transfer of all payments, Defendants Sheriff Roger L. Harris, Jason Charles Morris, Rachel Catherine Vega a/k/a Rachel Catherine Kiecana, as well as any of their insurers, or reinsurers; their past, present and future owners; officers; directors; stockholders; attorneys; agents; servants; representatives; employees; deputies; independent contractors; subsidiaries; parent corporations; affiliated corporations; partners; predecessors and successors in interest; heirs; executors; administrators and assigns of them and any of them, shall be fully and finally released and forever discharged from all liability for any and all claims, known or unknown, which have been made, may be made, or that could have been asserted by Plaintiffs and/or the Estate of Theresa Marie Basilica, concerning or relating to the death of Theresa Marie Basilica or the allegations in the Amended Complaint, including without limitation any claims by Plaintiffs or the Estate of Theresa Marie Basilica for monetary damages, attorneys' fees, costs, and/or interest related to Theresa Marie Basilica's death. In addition, Defendants shall be fully released and forever discharged from all claims that have been asserted, or that could have been asserted, concerning or related to any payments by healthcare treatment providers and third-party payers, including Medicare and Medicaid, related to the care and treatment of Decedent prior to her death.

IT IS FURTHER ORDERED that, upon completion and satisfaction of the terms of this Order, including the transfer of all payments contemplated by the parties' Agreement, this matter shall be dismissed with prejudice in a subsequent Order to be entered by this Court; and

IT IS FURTHER ORDERED that this case be removed from the Court's docket.

It is so ORDERED.

Let the Clerk of the Court issue certified copies of this Order to all counsel of record.

/s/
John A. Gibney, Jr.
Senior United States District Judge
_____
The Honorable John A. Gibney, Jr.
Senior United States District Judge

Date: 23 August 2023
Richmond, Virginia

(endorsements on next page)

WE ASK FOR THIS:

_____
Mark Basilica, Plaintiff and Statutory Beneficiary

_____
Roberta Basilica, Plaintiff and Statutory Beneficiary

_____
George Basilica, Statutory Beneficiary

_____
Henry Basilica, Statutory Beneficiary

_____
Pia Basilica, Statutory Beneficiary

_____
Mary Jane Basilica, Statutory Beneficiary


_____
Mark D. Dix [VSB No. 42718]
DIX LAW FIRM, PLLC
Truist Place
919 East Main Street, Suite 625
Richmond, Virginia 23219
Tel.: (804) 500-6290
Fax: (804) 500-6291
Email: mdix@dixlawfirm.com
*Counsel for Plaintiffs*

8

_[Signature]_

William W. Tunner [VSB No. 38358]
William D. Prince, IV [VSB No. 77209]
Rachel W. Adams [VSB No. 92605]
THOMPSONMCMULLAN, PC
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel.: (804) 649-7545
Fax: (804) 780-1813
Email: wtunner@t-mlaw.com
Email: wprince@t-mlaw.com
Email: radams@t-mlaw.com
*Counsel for Defendants*